SO ORDERED.

SIGNED this 10th day of February, 2015.





_____
Robert E. Nugent
United States Chief Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| JONATHAN EDWARD LEDIN, | ) | Case No. 14-12347 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JONATHAN EDWARD LEDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 14-5193 |
| vs. | ) | |
| | ) | |
| COMMERCE BANK, AMY WHITE, | ) | |
| FINANCECO OF KANSAS, INC., and | ) | |
| RICHARD K. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
FOR FAILURE TO STATE A CLAIM *(Dkt. 26 and 32)*

1

The Bankruptcy Code contains two provisions that protect debtors from collection activity during a case and shield certain exempt assets from administration as part of the debtor's bankruptcy estate. 11 U.S.C. § 362(a) stays collection activity during a case and § 522(d)(10) exempts social security and other government payments from the reach of the trustee. Neither takes effect unless and until a debtor actually files a bankruptcy case, though, and, except in limited circumstances, neither forms the basis for an independent cause of action. The same is true for the provisions of the Code of Federal Regulations found at 31 C.F.R. §§ 212.6 and 212.7 that govern how financial institutions respond to garnishments of accounts that may contain social security or other government payments. Nor do "violations" of procedural statutes and court rules -- KAN. STAT. ANN. § 60-211(a) and KAN. S. CT. RULE 170(d) -- create independent, substantive claims.

FinanceCo of Kansas took a deficiency judgment on a defaulted car loan owed by debtor Jonathan Ledin sometime in 2008. In 2013, FinanceCo transcribed that judgment on the Chapter 60 appearance docket of the Reno County District Court and, in June of 2014, garnished Ledin's savings accounts at Commerce Bank. Ledin replied, claiming that the accounts contained funds traceable to social security payments, but the Reno County court concluded that the funds were not exempt, granting judgment and entering a pay order on the garnishment. In September of 2014, FinanceCo garnished Ledin's checking account at Commerce. This time, Ledin replied, additionally claiming that he was in the process of preparing a bankruptcy filing. The state court allowed that garnishment as well, after conducting a hearing

2

on Ledin's objection. Ledin then filed the present chapter 7 case here on October 14, 2014. He filed this adversary proceeding against judgment creditor FinanceCo, its counsel Richard Thompson, garnishee Commerce Bank, and its Hutchinson branch manager, Amy White, seeking over a million dollars in damages (the garnishments netted $1,066) and demanding a jury trial. All four defendants move to dismiss the complaint as failing to state a claim for relief under Rule 12(b)(6).[1]

Ledin's claims for damages under §§ 362(a) and 522(d)(10) fail because he was not a debtor in bankruptcy when either of the garnishments occurred and because neither of those sections support a private right of action under the circumstances that he alleges. His tort claims under the "CFRs" fail because those regulations also do not supply a right of private action and because the facts alleged in the complaint do not support a plausible claim for relief. KAN. STAT. ANN. § 60-211(a) and KAN. S. CT. RULE 170(d) are state procedural rules that do not give rise to causes of action. Finally, Ledin's remedy in the state garnishment case was to timely appeal the Reno County court's orders after the garnishment hearings instead of seeking collateral relief from those final orders in this Court in the form of a wrongful garnishment lawsuit. The complaint should therefore be dismissed.[2]

Rule 12(b)(6) Standards

---

[1] Fed. R. Civ. P. 12(b)(6), as made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. *See* Adv. Dkt. 26 (Motion to Dismiss of defendants FinanceCo of Kansas, Inc. and Richard Thompson); Adv. Dkt. 32 (Motion to Dismiss of defendants Commerce Bank and Amy White).
[2] Plaintiff Jonathan Ledin appears *pro se*. Defendants Commerce Bank and Amy White appear by their attorney Jack C. Marvin. Defendants FinanceCo of Kansas, Inc. and Richard Thompson appear by their attorney Samantha M.H. Woods.

3

In determining whether Ledin's complaint states a claim upon which relief may be granted, I assess whether these factual allegations give rise to a cause of action against defendants for violation of the statutes and regulations alleged. The question is whether the complaint contains facts sufficient to support these claims, not whether Ledin will ultimately prevail on those claims.[3] The plaintiff must allege enough facts to support a claim that is plausible on its face.[4] The plausibility standard is less than a probability but more than a sheer possibility that Ledin is entitled to the relief requested.[5] For purposes of this motion, I take the facts pled in the complaint as true.[6]

The Claims

Ledin seeks cumulative damages in excess of $1.1 million dollars against the defendants for violation of the exemption statute, 11 U.S.C. § 522(d)(10)(A) [Count I]; violation of certain federal banking regulations dealing with garnishment of accounts containing direct deposit federal benefit payments, 31 C.F.R. §§ 212.6 and 212.7 [Counts II and III]; violation of the automatic stay, 11 U.S.C. § 362; violation of KAN. STAT. ANN. § 60-211(a) (2013 Supp.) for failure to sign unspecified court documents;

---

[3] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (In ruling on a motion to dismiss the judge must accept all allegations as true and may not dismiss on the basis that it appears unlikely the allegations can be proven.).
[4] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (enough facts must be alleged to nudge the claim across the line from conceivable to plausible).
[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[6] *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (In reviewing the sufficiency of the complaint, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.); *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994) (A Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after accepting as true all well-pleaded factual allegations.).

4

and violation of KAN. S. CT. RULE 170(d)(2) for failure to make reasonable effort to resolve Ledin's objections to proposed orders submitted to the state court regarding the garnishments.[7] These claims arise from two prepetition state court garnishments that attached a total of $1,066.15 in funds from Ledin's savings and checking accounts at Commerce Bank which he claimed were exempt social security disability benefits. Ledin demands a jury trial on all claims – claims that he characterizes as actions in tort.

Summary of Facts Pled in Complaint[8]

FinanceCo obtained a chapter 61 state court limited actions judgment in the amount of $6,023 against Ledin sometime in 2008. FinanceCo transcribed its limited actions judgment to Reno County District Court sometime in November 2013, thus imposing a chapter 60 judgment lien on Ledin's real property in the county where recorded.[9] Ledin does not dispute the validity of FinanceCo's underlying judgment.

In early September 2013 Ledin opened a checking account and two savings accounts at Commerce Bank. Initially, his monthly social security disability benefit check of $1,323 was directly deposited in the checking account. He would then withdraw $100 cash from the checking account each month and deposit $50 in each

---

[7] Ledin asserts the exemption and "CFR" claims against all defendants. He asserts the stay violation against FinanceCo and Thompson, and the remaining § 60-211(a) and Rule 170(d) claims against Thompson only.

[8] These facts are common to all of the claims alleged. None of the pleadings, orders, or documents pertaining to the subject garnishments were attached to Ledin's complaint.

[9] *See* KAN. STAT. ANN. § 60-2418(a) and § 60-2202(b). Upon transcribing the limited actions judgment (Case No. 09 LM 0731) to a code of civil procedure chapter 60 judgment (Case No. 14 CV 2) and recording it, execution to satisfy the judgment proceeds in the same fashion as though it were an original chapter 60 judgment.

5

savings account. Ledin characterizes the savings accounts as his "emergency fund" and says he opened them because of Commerce Bank's Rewards program.

On June 12, 2014, FinanceCo garnished Ledin's *savings* accounts at Commerce and attached $688.05. This garnishment depleted both savings accounts. Ledin asserted that the funds were exempt as his social security disability benefit. Ms. White told Ledin that his disability benefit was not protected from garnishment once he transferred the funds out of his checking account to his savings account. It is unclear from the face of the complaint whether Ledin requested a court hearing to assert his claim of exemption or otherwise filed a reply contesting the garnishee's answer as provided by Kansas garnishment procedures.[10] In any event, the state court apparently rejected Ledin's claim of exemption of the garnished funds leading to this complaint.[11]

In July or August of 2014 Ledin changed the direct deposit method for his social security disability benefit. Instead of the funds being directly deposited to his bank account, the monthly benefit was now transferred to a stored value card called a Direct Express® Debit Card – apparently available to certain federal benefit program recipients. Ledin would take a cash advance from the Debit Card and deposit it in his checking account to supplement his "emergency fund."

On or about September 9, 2014, FinanceCo garnished Ledin's *checking* account

---

[10] *See* KAN. STAT. ANN. §§ 60-735(b) and 60-738.
[11] In other pleadings that Ledin filed in this adversary proceeding, he attached some of the documents pertaining to the June 2014 garnishment, including a copy of the state court's Order to Pay Money to Judgment Creditor entered August 14, 2014. *See* Adv. Dkt. 42-1, p. 27.

6

and attached $378.10, causing the account to be overdrawn. On or about September 12, 2014, Ledin "contested" this garnishment by submitting an affidavit claiming the funds protected as social security disability income and stating that he "intends to file for Chapter 7 Bankruptcy . . . ." The affidavit was not attached to Ledin's adversary complaint, but was attached to his "response" to the Motion to Dismiss.[12] Reno County District Court Judge Chambers conducted a hearing on the second garnishment on September 29, 2014. Nothing in the pleadings tells me what happened at that hearing.

After Commerce closed Ledin's bank accounts on October 10, 2014, he filed his bankruptcy petition on October 14, 2014 and commenced this adversary proceeding on November 17, 2014.

Analysis

1. The Exemption Claim under § 522(d)(10)(A)

Ledin alleges that the defendants "violated" § 522(d)(10)(A), the Bankruptcy Code provision that allows bankruptcy debtors to claim exempt the right to receive a "social security benefit." Section 522(d) lists the so-called federal exemptions in bankruptcy. Because Kansas has opted out of the federal exemption scheme Kansas bankruptcy debtors must generally use the state law exemptions, but KAN. STAT. ANN. § 60-2312(b), expressly authorizes an "individual debtor under the federal bankruptcy reform act" to claim the § 522(d)(10)(A) federal exemption in addition to

---

[12] *See* Adv. Dkt. 31, pp. 15-16.

7

Case 14-05193   Doc# 51   Filed 02/10/15   Page 7 of 17

the state law exemptions.¹³ In order to claim the §60-2312(b)/§522(d)(10) exemption, the claimant must be a debtor in bankruptcy.

When he contested the state court garnishment proceedings, Ledin claimed that his Social Security disability benefit was exempt. A person's future right to the payment of Social Security benefits is generally exempt from execution under 42 U.S.C. § 407(a). Ledin has not alleged that any of the defendants sought to garnish his benefits in the hands of the Government or that they sought to execute on his future right to claim them. The state court, not the defendants, determined that the garnished funds—cash that he withdrew from his checking account and deposited into his savings account—were not in any way exempt. Section 522(d)(10) did not apply to Ledin when this determination was made because he was not yet in bankruptcy. Even if there were a private right of action under § 522(d)(10)(A), the state court garnishment proceedings occurred before Ledin filed his bankruptcy case, rendering § 522 of the Bankruptcy Code inapplicable to those proceedings. Finally, as the defendants note, there is no private cause of action in tort for damages in § 522 when a court disallows an exemption claim – inside or outside of a bankruptcy case.¹⁴ Ledin's damage claim for "violating" this exemption statute fails to state a claim upon which relief may be granted.

    2. <u>Violation of Federal Regulations, 31 C.F.R. §§ 212.6 and 212.7</u>

Ledin also seeks damages for defendants' withholding or freezing funds as the

---

¹³ KAN. STAT. ANN. § 60-2312(a) (2005).
¹⁴ *See* Adv. Dkt. 33, p. 5. Adv. Dkt. 27, pp. 5-6.

8

state court garnishment order directed. Part 212 of Title 31 of the Code of Federal Regulations, adopted in 2011, deals with garnishment of accounts containing federal benefit payments. Its purpose is to protect federal benefits from garnishment by establishing procedures for *financial institutions* when served with a garnishment order against an account holder "into whose account a [protected] Federal benefit payment *has been directly deposited*."[15] It applies to financial institutions as defined in § 212.3, not their individual officers or employees. That alone protects defendant White from liability here.[16] The regulations require that a financial institution, as garnishee, conduct an account review and follow certain procedures when served with a garnishment order.[17] Section 212.3 defines a "[f]inancial institution" as "a bank, savings association, credit union, or other entity chartered under Federal or State law to engage in the business of banking." Ledin does not allege that defendants FinanceCo or Thompson are financial institutions within the meaning of § 212.3. As with his claims against defendant White, this kills Ledin's alleged claim against FinanceCo and Thompson for violating the garnishment regulations. Thompson is an individual engaged in the practice of law, not a financial institution or other entity engaged in banking. There is no allegation that FinanceCo is an entity chartered to engage in the business of banking. Because the judgment creditor and its attorney are not financial institutions and were not served with an order of garnishment, they are not subject to these regulations, are not obligated to conduct

---

[15] 31 C.F.R. § 212.1 (2011). Emphasis added.
[16] 31 C.F.R. § 212.2.
[17] 31 C.F.R. § 212.2, § 212.3 (defining an "account review"); § 212.5.

9

an "account review," and are not obligated to adhere to the procedures enumerated in Part 212. The regulations govern a financial institution who is served with an order of garnishment on its depositor's accounts and as garnishee must evaluate whether the garnishment seeks to attach protected federal benefit payments. Ledin's complaint fails to state a claim for damages against White, FinanceCo, and Thompson for violation of 31 C.F.R. §§ 212.6 and 212.7.[18]

Commerce is a financial institution under the regulations. A "benefit payment" is specifically defined as one that is paid electronically by direct deposit to the account *and* contains certain encoded characters in the record of the direct deposit entry.[19] In general, when a financial institution receives a garnishment order, it must review the transactions over the preceding 2 months in any account held by the judgment debtor to determine whether a benefit payment was deposited into the account by a benefit agency in that time and determine what the "protected amount" of the account is. That "protected amount" as determined by the financial institution is "conclusively considered to be exempt from garnishment under law."[20] If a benefit payment was electronically deposited, a protected amount established, *and* funds exist in excess of the protected amount, the financial institution is required to send notice to the account holder.[21] If there was no benefit payment deposited during the look back period, the financial institution is not required to give notice. While § 212.10 of the

---

[18] 31 C.F.R. § 212.2.
[19] 31 C.F.R. § 212.3.
[20] *See* §§ 212.3, 212.5, 212.6.
[21] Section 212.7.

10

regulations provide a safe harbor against both the judgment creditor and the account holder to financial institutions that act in good faith, Part 212 does not create or expressly authorize a private cause of action by an account holder against the financial institution. Even if they did, Ledin's complaint fails to state a claim against Commerce.

On its face, Ledin's complaint does not state a claim for relief with respect to the first garnishment. The garnishment order applied to Ledin's *savings* accounts – accounts that Ledin says contained funds from *cash deposits*, not electronic direct deposits. He alleges that he took cash withdrawals from his checking account and deposited them into his savings accounts.[22] He does not allege that any direct deposits of social security payments were made electronically to his savings accounts by a benefit agency. Thus, the savings account did not contain a "benefit payment" as defined in § 212.3 and the federal regulations do not apply.

Nor were the funds caught by the second garnishment protected. Ledin says he took a *cash* advance from his Direct Express Debit Card that he then deposited in his checking account. He does not allege that the second garnishment attached a "benefit payment" made by a "benefit agency." This part of Ledin's complaint fails to state a claim for relief against Commerce.[23] Because no benefit payments as defined in § 212.3 were deposited by a benefit agency, Commerce was not obligated to comply

---

[22] Only electronic deposits made by a "benefit agency" are protected from garnishment. *See* § 212.3 and § 212.5(b) and (c).
[23] *See* § 212.3 which defines a "benefit agency" as the Social Security Administration and requires the "benefit payment" to be paid by direct deposit electronically into the account holder's account.

11

with the procedures in the regulations nor provide the notice referenced in § 212.6(e) and § 212.7 to Ledin.[24] The "CFR" claim against Commerce must be dismissed for failure to state a claim.

    3. <u>Alleged Stay Violation, 11 U.S.C. § 362</u>

Ledin alleges that FinanceCo and Thompson violated the automatic stay by requesting garnishment orders in June and September of 2014. Specifically, he alleges in the complaint that FinanceCo:

> . . . did intentionally and illegally obtain a Court Order to garnish Plaintiff's savings and checking account for a total of $1,066.15 with the intention, knowledge and purpose of harming Plaintiff by attempting to collect, assess, or recover on a claim for a debt; a deficiency judgment that increased to the amount of $15,551.47, from a court hearing held . . . on September 29, 2014 in violation of 11 U.S.C. § 361(a)(1), (2), and (6), of the automatic stay. . . . FinanceCo . . . had knowledge that Plaintiff was preparing to file for bankruptcy Chapter 7 protection through said Affidavit mentioned in paragraph 22. Defendant FinanceCo . . . is therefore liable in tort to Plaintiff for violation of: (1) 11 U.S.C. § 362(a)(1), (2), and (6), of the automatic stay . . .[25]

The referenced paragraph 22 provides:

> Plaintiff submitted an Affidavit signed September 12, 2014 to the trial court, in Ref: Case No. 14 CV 2 that he was filing for bankruptcy Chapter 7. Defendant FinanceCo . . . continued to conduct the hearing held on September 29, 2014 in Division II, the Honorable Judge Timothy Chambers presiding.[26]

Like allegations are made against defendant Thompson, including that Thompson

---

[24] *See* 31 C.F.R. § 212.5(b) (where no benefit payment is deposited during the look back period, the financial institution is not required to follow the procedures in § 212.6); § 212.6 (the provisions of § 212.6 apply only if an account review shows that "a benefit agency deposited a benefit payment into an account during the look back period.").
[25] Adv. Dkt. 1, ¶ 26.
[26] *Id.* at ¶ 22.

knew "Plaintiff was preparing to file for bankruptcy . . . ."[27] Ledin did not file his chapter 7 case here until October and this alone is fatal to his stay violation claim.

The sum of the stay violations alleged against FinanceCo and Thompson are that (1) they obtained garnishment orders which were issued and served on approximately June 12, 2014 and September 9, 2014;[28] and (2) that they continued forward with a hearing on September 29, 2014 despite knowing that Ledin was preparing to file bankruptcy. These allegations do not state a claim for relief because the automatic stay was not in effect at any point during this timeframe.

The automatic stay is triggered by the filing of a bankruptcy petition.[29] Section 362(a) provides that: ". . . a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities . . ." *Intent* to file bankruptcy in the future does not trigger the automatic stay.[30] Ledin did not file his bankruptcy petition until October 14, 2014. Thus, no stay was in effect during the complained-of conduct that can possibly give rise to a violation of the automatic stay. Ledin's affidavit submitted on September 12, 2014 in response to the second garnishment and to apparently halt the September 29 hearing did not cause the stay to go into effect.

Because Ledin has not alleged the commencement or continuation of any garnishment activity or proceedings by FinanceCo or Thompson *after* October 14, 2014, he has failed to state a claim for violation of the automatic stay under 11 U.S.C.

---

[27] *Id.* at ¶ 40
[28] *Id.* at ¶s 20-21.
[29] *In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990).
[30] *In re Nelson,* 335 B.R. 740, 749 (Bankr. D. Kan. 2004). *See also In re Bush,* 169 B.R. 34 (W.D. Va. 1994).

13

§ 362(a).

    4. <u>Failing to Sign Orders and Court Documents, KAN. STAT. ANN. § 60-211(a)</u>

Ledin vaguely alleges that Thompson is liable in tort for "fail[ing] to sign court documents related to the Court Order of garnishment" with the intention of harming him in violation of § 60-211.[31] As a consequence, he asserts that all "Orders, Judgments and Garnishment Orders" signed by the state court trial judge since 2009 are null and void.[32] He also alleges that Thompson failed on three occasions to sign proposed Orders submitted to the state trial court under Kansas Supreme Court Rule 170(d)(2), rendering him liable for violation of § 60-211.[33] These allegations are the sum total of Ledin's attempt to state a cause of action under § 60-211.

Section 60-211(a) (2013 Supp.) of the Kansas Code of Civil Procedure provides:

> (a) *Signature.* Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name, or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, telephone number and fax number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Ledin makes no effort to identify the specific pleadings, motions, or papers that Thompson failed to sign. His complaint is that Thompson did not sign Orders, Judgments, and Garnishment Orders, all of which were entered by judges and which

---

[31] Adv. Dkt. 1, ¶s 41-44
[32] *Id.* at ¶ 44.
[33] *Id.* at ¶ 46.

14

attorneys are not necessarily required to sign. Section 60-211(a) does not support a private cause of action in tort. This is a procedural, not substantive provision.[34] The more commonly invoked provisions (not pled by Ledin here), § 60-211(b) and (c), supply a basis for courts to sanction lawyers and parties who file frivolous or false pleadings. Ledin's allegation of noncompliance with subsection (a) that merely parrots the language of the statute is not sufficient to show that there are facts that support a plausible claim for relief.[35] Nothing alleged here shows that Ledin is entitled to relief. The alleged violation of § 60-211(a) does not state a claim for relief against Thompson and must be dismissed.

5. Failing to Comply with KAN. S. CT. RULE 170(d)(2)

Ledin claims that Thompson failed to comply with KAN. S. CT. RULE 170(d)(2), a procedural rule governing proceedings in Kansas district courts (state trial courts) titled "Preparation of Order" and that he should be answerable in damages. Rule 170 specifies the procedure for memorializing a court's order when a state trial court directs that it be prepared by a party. If the opposing party objects to the order, the parties are to attempt to resolve the dispute before submitting the order to the court to settle. Ledin says that on three occasions, Thompson failed to make a reasonable effort to resolve Ledin's objections to proposed orders submitted to the state trial

---

[34] *See Christenson Media Group, Inc. v. Lang Industries, Inc.,* 782 F. Supp. 2d 1213, 1221 (D. Kan. 2011) (an unsigned pleading is a technical defect that does not affect the substantial rights of the adverse party under § 60-211).

[35] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) (Plaintiff must plead the grounds of his entitlement to relief with more than labels and conclusions or formulaic recitation of the elements of a cause of action).

15

court.[36] He does not allege any facts concerning the efforts attempted or the nature of the objections. He does not even identify the proposed orders.

Rule 170(d)(2) and (3) provide:

> (d)(2) If there is an objection, the parties must make a reasonable effort to confer to resolve the objection and, if agreement is reached, the drafter must submit the agreed journal entry to the court for approval. A "reasonable effort to confer" requires more than sending a communication to the opposing party. It requires that the parties in good faith converse, compare views, and deliberate, or in good faith attempt to do so.
>
> (d)(3) If – after reasonable effort to confer – the parties have not agreed on the terms of the order, the drafter must submit the original draft and the objection to the court and the court must settle the order, with or without a hearing.

This purported claim against Thompson fails for the same reasons as Ledin's claim under § 60-211(a). No right to tort damages arises from the parties' inability to resolve an objection to a proposed order or a party's noncompliance with the procedure for drafting and submitting orders to the state trial court. Ledin's allegation, pled solely in paragraph 45 of the complaint, fails to state a claim for relief and must be dismissed.

6. <u>Lack of Subject Matter Jurisdiction</u>

Ledin's complaint is really no more than a collateral attack on a state court's final order. Ledin should have (and apparently did) raise his exemption claim in reply to both FinanceCo garnishments as KAN. STAT. ANN. §§ 60-735(b) and 60-738(a) (2013 Supp.) allow.[37] When the judgment debtor replies, objecting to the requested

---

[36] Adv. Dkt. 1, ¶ 45.
[37] *See* Adv. Dkt. 31, pp. 15-16 (Affidavit submitted in reply to September garnishment).

garnishment, the state court holds a hearing at which the objecting party bears the burden of proving a claimed exemption and the facts alleged in his objection.[38] Ledin did that and lost; his remedy was to appeal that final order to the Kansas Court of Appeals.[39] When he didn't, the garnishment order and order to pay became final. This Court must give those orders full faith and credit. Even if an independent action were proper under the circumstances, a wrongful garnishment action based upon a prepetition garnishment proceeding would properly lie within the jurisdiction of the state court, not the bankruptcy court, particularly where the garnished funds are claimed exempt and not property of the bankruptcy estate. Moreover, such a cause of action would be property of Ledin's bankruptcy estate and the only proper party plaintiff would be, in the first instance, the chapter 7 trustee. This Court is simply without jurisdiction to grant the relief Ledin seeks.

Conclusion

For all of the foregoing reasons, Ledin's complaint fails to state a claim for relief against defendants Commerce Bank, Amy White, FinanceCo of Kansas, Inc., and Richard Thompson. The defendants' motions are granted; the complaint is dismissed. A judgment on decision shall issue this day.

# # #

---

[38] *See* KAN. STAT. ANN. § 60-735(c) and § 60-738(b).
[39] *See e.g., LSF Franchise REO I v. Emporia Restaurants, Inc.,* 283 Kan. 13, 152 P.3d 34 (2007) (after judgment debtor successfully quashed garnishment of bank accounts, judgment creditor appealed).

17